UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )
                              )
        v.                    )     No. 4:07 CR 432 CEJ
                              )                      DDN
RONALD HAMILTON, et al.,      )
                              )
            Defendants.       )

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action is before the Court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing was held on October 22, 2007.

Defendant Ronald Hamilton has moved to suppress evidence (oral motion Doc. 26), and to dismiss the indictment (Doc. 34). The government has moved for a determination by the court of the admissibility of arguably suppressible evidence (oral motion Doc. 28). At the hearing, counsel for the defendant stated that no basis for suppressing evidence was discerned by the defense and, that, therefore, the pending oral motion to suppress was moot. However, the motion of defendant Hamilton to dismiss Count One was presented to the court upon the filed memoranda and the oral arguments of counsel.

Defendant Hamilton argues that Count One of the indictment is legally insufficient on its face. To be legally sufficient on its face, the indictment must contain all the essential elements of each offense charged; it must fairly inform each defendant of the charge against which he must defend; and it must allege sufficient information to allow a defendant to plead a conviction or an acquittal as a bar to a future prosecution. U.S. Const. amends. V and VI; Fed. R. Crim. P. 7(c)(1); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001).

Count One alleges that defendant and co-defendant committed a conspiracy to launder money in violation of 18 U.S.C. §

1956(a)(1)(B)(ii) and 1956(h). The essential elements of the offense are that defendant entered an agreement with another to launder the proceeds of specified unlawful activity, which affected interstate or foreign commerce, while knowing that the laundering transaction was designed to avoid a legal reporting requirement. See 18 U.S.C. § 1956(a)(1)(B)(ii), 1956(h); cf., Eighth Circuit Manual of Model Jury Instructions (Criminal) § 6.18.1956A (Thomson West 2007).

To violate § 1956, the laundering transaction must occur after the underlying crime which generated the proceeds laundered has been completed. United States v. Kennedy, 64 F.3d 1465, 1477 (10th Cir. 1995). As a result, the central inquiry on a money laundering charge is to determine when the predicate crime became a completed offense. Id. at 1477-78. In enacting the money laundering statutes, Congress intended to punish new conduct that occurs after the completion of certain criminal activity, rather than simply create an additional punishment for that criminal activity. Id. at 1478.

Defendant specifically argues that Count One is legally insufficient on its face because it violates the proscription against double jeopardy, because it alleges that defendant conspired to conduct unlawfully (in a way which would evade a federal reporting requirement) a financial transaction with the proceeds of specified unlawful activity which itself was a conspiracy to structure the alleged financial transaction to evade a federal reporting requirement. Such circular allegations, defendant argues, violate the Double Jeopardy Clause, citing United States v. Awada, 425 F.3d 522 (8th Cir. 2005).

Awada was indicted for and convicted of conspiracy to launder money derived from unlawful activity, in violation of 18 U.S.C. § 1956(h). He argued as here that the only underlying activity alleged was the act of money laundering. On this issue the Eighth Circuit Court of Appeals stated:

> To sustain a money laundering conviction, the government must prove that the defendant conducted a financial transaction designed to conceal the proceeds of a "specified unlawful activity." 18 U.S.C. § 1956; United States v. Pizano, 421 F.3d 707, 725 (8th Cir.2005). That underlying activity must be separate from the actual laundering; cases where "the allegations of money laundering are based on the same transaction charged in the predicate

act thereby rais[e] double jeopardy concerns." United States
v. Ross, 210 F.3d 916, 920 (8th Cir.2000); see also United
States v. Seward, 272 F.3d 831, 836 (7th Cir.2001) ("The
transaction or transactions that created the
criminally-derived proceeds must be distinct from the
money-laundering transaction, because the money laundering
statutes criminalize 'transaction[s] in proceeds, not the
transaction[s] that create[ ] the proceeds.'" (alteration in
original) (quoting United States v. Mankarious, 151 F.3d 694,
705 (7th Cir.1998))); United States v. Butler, 211 F.3d 826,
830 (4th Cir.2000) ("Put plainly, the laundering of funds
cannot occur in the same transaction through which those
funds first become tainted by crime."). For this reason,
allegations of money laundering that are inseparable from the
underlying crime, such as certain financial fraud
transactions, have not withstood scrutiny. See, e.g., United
States v. Christo, 129 F.3d 578 (11th Cir.1997) (reversing
money laundering convictions that were based on the same
transmission of funds as the underlying crimes of bank
fraud).

Awada, 425 F.3d at 524.  The Court of Appeals affirmed the conviction,
concluding that the indictment alleged that the criminal proceeds were
derived from illegal gambling.   Id.

    In the case at bar, the language of the grand jury in making the
allegations in Count One is not entirely clear.[1]  From a careful reading
of Count One, the undersigned concludes that Count One alleges,
paraphrased for clarity, that defendant conspired to conduct financial
transactions[2] involving the knowing (intentionally to avoid the
transaction reporting requirements of federal law)[3] purchase of postal

---

    [1]Under the Rule of Lenity, any "ambiguity concerning the ambit of
criminal statutes should be resolved" in the defendant's favor.  United
States v. Bass, 404 U.S. 336, 347 (1971).

    [2]".  .  .  (a) to knowingly and willfully conduct financial
transactions affecting interstate commerce . . ."  Doc. 1 at 1.

    [3]"and (b) that while conducting or attempting to conduct such
financial transactions the defendants knew that they were attempting to
avoid the transaction reporting requirements under federal law, in
violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii)."
Doc. 1 at 2.

money orders and the negotiation of them in California and elsewhere,[4] and that "these transactions" involved the proceeds of a conspiracy to evade federal reporting requirements.[5]

The government argues that the indictment alleges that the criminal activity that generated the proceeds to be laundered was a conspiracy to purchase postal money orders in a structured way intended to evade the reporting requirements of the law. The government then argues that the indictment alleges that the money laundering that the defendant is alleged to have conspired to commit involved only the further negotiation of the money orders (by shipping them, depositing their proceeds in bank accounts, and then using the funds to pay accounts) outside this judicial district. This argument is gainsaid by the language of the indictment itself which appears to describe, without expressly stating so, that the money laundering was the purchase of the money orders and their subsequent negotiation ("transactions involving the purchase of . . . Money Orders . . . <u>and</u> their subsequent negotiation . . .") (Doc. 1 at 1)(emphasis added). To the undersigned, the indictment does not allege with sufficient clarity to satisfy due process what alleged activity generated the proceeds to be laundered, as distinguished from the subsequent activity that laundered the subject proceeds.

For these reasons, the undersigned concludes that Count One is legally insufficient on its face.

Whereupon,

---

[4]"to wit: transactions involving the purchase of United States Postal Money Orders in the Eastern District of Missouri <u>and their subsequent negotiation in California and elsewhere</u>." Doc. 1 at 1 (emphasis added).

[5]". . . and that these transactions involved the proceeds of some form of an unlawful activity, to wit: conspiracy to evade the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure transactions with a domestic financial institution, to wit: the United States Post Office . . ." Doc. 1 at 1-2.

**IT IS HEREBY ORDERED** that the motion of the government for a determination by the court of the admissibility of arguably suppressible evidence (oral motion Doc. 28) is denied as moot.

**IT IS HEREBY RECOMMENDED** that the motion of defendant to suppress evidence (oral motion Doc. 26) be denied as moot.

**IT IS FURTHER RECOMMENDED** that the motion of defendant to dismiss Count One of the indictment (Doc. 34) be sustained.

The parties are advised they have ten days to file written objections to this Order and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.


_____/S/ David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**


Signed on November 1, 2007.